UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CR 07-535-02-BR (OREGON)** |
| **VERSUS** | **Cr. No. 6:08-mj-6001 (WDLA)** |
| **RICHARD ALLEN FUSELIER** | **MAGISTRATE JUDGE METHVIN** |

*RULING ON MOTIONS AND ORDER FOR BENCH WARRANT*

Before the Court are three *pro se* motions filed by defendant Richard Allen Fuselier. For the following reasons, the motions are denied as frivolous, and a re-hearing will be held on the issue of bail or detention in this matter.

### Background

Fuselier is a tax protester. On December 18, 2007, Fuselier and four co-defendants were indicted in the District of Oregon on a charge of conspiracy to defraud the United States by obstructing the IRS in the collection of income taxes. The indictment alleges that a key element in the plan was Fuselier's formation of Compensation Consultants, Inc. ("CC"), a business which assisted people in evading income taxes.

Fuselier was arrested in this district and appeared before me on January 10, 2008, with court-appointed counsel (Rec. Doc. 2). It was determined that Fuselier has substantial assets and does not qualify for court-appointed counsel. He advised the court that he would retain counsel in Oregon. In the meantime, defendant has filed the instant motions *pro se*.

At the initial appearance on January 10, Fuselier was fully informed of the charges, the maximum penalties, and his rights. He knowingly and intelligently waived his right to an identity hearing. Defendant acknowledged that he accepted the jurisdiction of the court. He was released on a $75,000 unsecured Appearance and Compliance Bond with conditions of release, and was

2

ordered to appear for arraignment in the District of Oregon on February 11, 2008 at 1:30 p.m. He was warned that failure to appear would result in his arrest and forfeiture of bond.

## Motions

Defendant's motions are frivolous, consisting entirely of standard "tax protestor rhetoric." Gittinger v. C.I.R., 448 F.3d 831, 832 (5th Cir. 2006).

Defendant's first motion seeks to withdraw his waiver of an identity hearing, and to "claim a Constitutional right to prosecute a proceeding in the Common Law Court of the United States of America. and equity in the Supreme Court of the United States."[1] Defendant also seeks other relief, including severance from other defendants on various grounds, e.g. "[b]ased on the condition precedent that other defendants are not electing to expatriate the defendant . . ."[2]

Defendant's second and third motions appear to seek the same relief as the first motion.[3]

Unlike many countries, the United States imposes income taxes based upon citizenship, not merely residency. Renunciation of citizenship and allegiance to the fictitious "Common Law Court of the United States" are therefore typical, albeit frivolous, arguments advanced by tax protestors who hope to avoid tax obligations.

In the instant case, Fuselier is using the arguments to challenge the previous proceedings held in this court, including his knowing, intelligent, and voluntary waiver of identity hearing.

---

[1] "Motion for Leave to File, Motion for Transfer, and Alternative Notice of Appeal," Rec. Doc. 13, pp.3-4.

[2] *Id.*, p. 5.

[3] "Motion for Leave to File" (Rec. Doc. 14) seeks "to correct the record of the identity of the defendant, Richard Fuselier, based on loss of nationality." Defendant's third motion, "Motion for Identity Hearing" (Rec. Doc. 15) again seeks to withdraw his waiver of an identity hearing, claiming "an error in allegations of residence." *Id.*, p. 1.

3

The Fifth Circuit has described tax protestor pleadings such as those presented here as "a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish," noting that "[t]he government should not have been put to the trouble of responding to such spurious arguments, nor this court to the trouble of 'adjudicating' this meritless appeal." Crain v. C.I.R., 737 F.2d 1417, 1418 (5th Cir. 1984).

Like those presented in Crain, Fuselier's arguments do not merit "somber reasoning and copious citation of precedent, [for] to do so might suggest that these arguments have some colorable merit." Crain, 737 F.2d at 1417.[4]  *See also* U.S. v. Greenstreet, 912 F.Supp. 224 (NDTX 1996) ("Greenstreet provides no acceptable authority or cogent analysis to support his contention that this Court lacks personal jurisdiction over him."); United States v. Masat, 948 F.2d 923, 934 (5th Cir.1991), *cert. denied*, 506 U.S. 835 (1992); United States v. Schmitt, 784 F.2d 880, 882 (8th Cir.1986).

### Conclusion

Fuselier's pleadings raise a substantial question whether he was truthful at the initial appearance regarding his acceptance of this court's jurisdiction (and that of the District of Oregon), as opposed to the "Common Law Court of the United States of America."

---

[4] The Fifth Circuit stated:

> We are sensitive to the need for the courts to remain open to all who seek in good faith to invoke the protection of law. An appeal that lacks merit is not always--or often – frivolous. However we are not obliged to suffer in silence the filing of baseless, insupportable appeals presenting no colorable claims of error and designed only to delay, obstruct, or incapacitate the operations of the courts or any other governmental authority. Crain's present appeal is of this sort. It is a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish. The government should not have been put to the trouble of responding to such spurious arguments, nor this court to the trouble of 'adjudicating' this meritless appeal.

Crain v. C.I.R., 737 F.2d 1417, 1418 (5th Cir. 1984).

4

Furthermore, Fuselier's pleadings appear to be "designed only to delay, obstruct, or incapacitate the operations of the courts." Crain, 737 F.2d at 1418. Thus, they raise a serious concern whether Fuselier will in fact appear as ordered for arraignment in the District of Oregon on February 11, 2008.

For the forgoing reasons, Fuselier's motions are **DENIED**.

**IT IS FURTHER ORDERED** that a bench warrant be issued for Fuselier's arrest.

**IT IS FURTHER ORDERED** that upon his arrest, the U. S. Marshal shall promptly bring Fuselier before the undersigned magistrate judge for re-hearing on the issue of bail or detention in this matter.

**IT IS FURTHER ORDERED** that Fuselier shall either retain counsel to represent him at the hearing, or proceed *pro se*. Counsel will not be appointed to represent him.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail and fax (if possible) a copy of this ruling to Fuselier both by regular and registered mail, return receipt requested.

Signed at Lafayette, Louisiana, on February 7, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)